ENRIQUE CERECEDO, Trustee, Plff.,

*v.*

JOSÉ MARÍA CALDERÓN, Dft.

---

San Juan, Law, No. 974.

IN THE MATTER OF WRIT OF ERROR.

Writ of Error—Allowance.

    1. Where a Federal question is involved the lower court should always allow a writ of error. This is not necessarily true in a criminal case.

Writ of Error—Time.

    2. If a writ is allowed by a justice of the Supreme Court, the lower court may on cable allow it *pro forma*, to save any question of time.

Writ of Error—Judicial Act.

    3. Allowing a writ of error is a judicial, and not a ministerial, act. It would otherwise be a mere matter of form.

Opinion filed May 22, 1914.

Cerecedo v. Calderón.

*Messrs. Savage & Francis* for applicant.

*Mr. H. G. Molina* for plaintiff in opposition to application.

HAMILTON, Judge, delivered the following opinion:

Since the argument upon the application for writ of error, counsel have called the attention of the court to the case of Munich v. Valdés, 4 Porto Rico Fed. Rep. 98. In that case Judge Rodey holds that this "court has no power, except possibly in very exceptional cases, to deny the right to a writ of error against its judgments. The good faith of the suing out of such a writ is a matter for the Supreme Court to settle." This opinion is reaffirmed as *stare decisis* by the same judge in Zurrinach v. Aran, 5 Porto Rico Fed. Rep. 33. Based upon this, the counsel seeking a writ of error asks the court to change its ruling and allow a writ of error.

1. Judge Rodey concluded that he was admonished by the granting of a writ in an earlier case, that he probably had no power to prevent the suing out of the writ of error by Valdés. The second case merely followed the first without any further consideration of the question. The Valdés Case related to a conflict of a treaty and an act of Congress, and the Zurrinach Case to the question how far an act of Congress as to politics of jury commissioners applied to Porto Rico. The granting of a writ in these two cases was doubtless correct.

The case at bar is not, however, one raising any Federal question. The ground of decision is clear in the mind of the court. The two cases cited do not go so far as this. This, however, does not deprive the petitioner of all remedy. He

VII. Porto Rico—7.

Cerecedo v. Calderón.

can still apply to a justice of the Supreme Court, and if the point involved seems more doubtful to the justice than it does to the judge, the writ would be allowed.

2. It is true that the time remaining to obtain the writ is very short. This, however, is not in any way the fault of the court. In case a justice of the Supreme Court should grant the writ, and information of this comes officially to this court, even by cable, the court will be glad to co-operate in making the fiat effective. It will in such case grant the writ *pro forma,* so as to save any question of time.

3. Any other procedure would reduce the application for a writ of error to a mere form, and compel the granting of the application in every case. It would become practically a ministerial, instead of a judicial, act, and this construction does not seem to be proper.

Reapplication denied.